# BRIDGEPORT FIRE FIGHTERS LOCAL 998 *v.* CITY OF BRIDGEPORT
## (AC 28031)

McLachlan, Harper and Peters, Js.

Argued November 29, 2007—officially released February 26, 2008

*John R. Mitola,* associate city attorney, for the appellant (defendant).

*Daniel P. Hunsberger, Sr.,* with whom, on the brief, was *P. Jo Anne Burgh,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, the city of Bridgeport, appeals from the judgment of the trial court granting the application of the plaintiff, the Bridgeport Fire Fighters Local 998, to vacate an arbitration award. The defendant challenges the court's conclusion that the state board of mediation and arbitration (board) improperly failed to address every aspect of the issue submitted for resolution. We reverse the judgment of the trial court.

The relevant facts and procedural history are not in dispute. The plaintiff and the defendant are parties to a collective bargaining agreement. Article twenty-six of that agreement provides, in relevant part, that "[a]ll acting Assistant Chief assignments shall be filled by offering such assignments to Fire Captains in the order of their seniority who have been deemed qualified by the Fire Chief." The plaintiff brought grievances on behalf of two captains in the fire department, Bruce

Elander and William Haug, alleging that the defendant violated this provision. The grievances were not resolved to the satisfaction of the plaintiff at the municipal level. Thereafter, in accordance with article six of the collective bargaining agreement, the plaintiff submitted the consolidated dispute to arbitration by the board. The "issue" submitted was as follows: "Did the City of Bridgeport violate Article 26 of the collective bargaining agreement as alleged in the Elander/Haug grievance? If so, what shall the remedy be?"

Following a hearing before the board, the board issued a memorandum of decision denying the grievance. A majority of the members of the board concluded that the plaintiff had failed to present any evidence that either Haug or Elander were, at relevant times, senior captains to whom the provision at issue applied. The board reasoned that, in essence, the plaintiff was asking it to "speculate" that, "given their seniority status, Elander and Haug must have been denied an acting assignment during this period." The board based its decision on this ground alone.

The plaintiff subsequently filed in the Superior Court an application to vacate the award pursuant to General Statutes § 52-418 (a). The plaintiff argued that the board "failed to render an award on the issue" submitted to it and thus "exceeded [its] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." In an oral ruling,[1] the court sided with the plaintiff, concluding that the board merely had determined that no

[1] The court neither issued a written memorandum of decision nor created a memorandum of decision from its oral ruling in accordance with Practice Book § 64-1 (a). It does not appear that the defendant took appropriate action under Practice Book § 64-1 (b) to perfect the record. Nevertheless, we are able to review the claim raised because the unsigned transcript of proceedings before the trial court adequately reveals the basis of the court's decision. See, e.g., State v. James, 93 Conn. App. 51, 57 n.6, 887 A.2d 923 (2006).

remedy was available for Elander or Haug, but had failed to resolve the question of whether the defendant had violated the collective bargaining agreement. The court granted the application to vacate and directed the board to determine, first, if the defendant had violated article twenty-six and, second, if such a violation had occurred, to determine an appropriate remedy. The court implicitly determined that the issue submitted required the board to determine whether the defendant had violated article twenty-six with regard to *any* firefighter and, later, to determine whether Elander or Haug were entitled to a remedy related to such violation. In this vein, the court noted that the board's conclusion that neither Elander nor Haug was entitled to any remedy "may be absolutely proper."

The defendant appeals from the court's decision, arguing that the court essentially "changed the submission and ordered the [board] to determine a different submission." The defendant argues that the board properly interpreted the issue submitted to relate only to whether it had violated article twenty-six with respect to Elander or Haug, that the award properly conformed to the submission and that the court improperly failed to curtail its analysis to determining only whether the award conformed to the submission. The plaintiff continues to maintain that the board "exceeded the scope of the submission" by declining to determine whether the defendant had violated the agreement. The plaintiff argues that the court properly vacated the board's award because, under § 52-418 (a) (4),[2] the members of the board "exceeded their powers or so imperfectly

---

[2] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

executed them that a mutual, final and definite award upon the subject matter submitted was not made."

"Judicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . .

"The significance . . . of a determination that an arbitration submission was unrestricted or restricted is not to determine what the arbitrators are obligated to do, but to determine the scope of judicial review of what they have done. Put another way, the submission tells the arbitrators what they are obligated to decide. The determination by a court of whether the submission was restricted or unrestricted tells the court what its scope of review is regarding the arbitrator's decision. . . .

"Even in the case of an unrestricted submission, we have . . . recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . [and] (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 80–81, 881 A.2d 139 (2005).

We agree with the assertion made by both parties that the submission at issue was unrestricted; neither

the parties' agreement nor any other provision restricted the powers of the board. See *Alderman & Alderman* v. *Pollack*, 100 Conn. App. 80, 85, 917 A.2d 60 (2007); *Rocky Hill Teachers' Assn.* v. *Board of Education*, 72 Conn. App. 274, 278 n.6, 804 A.2d 999, cert. denied, 262 Conn. 907, 810 A.2d 272 (2002). Thus, we review only the ground raised by the plaintiff in the trial court, with which the court agreed, which is that the board contravened § 52-418 (a) (4).

The court concluded that the board improperly had failed to resolve at least an aspect of the actual issue submitted by the parties. Essentially, the court reasoned that the board had either disregarded or misunderstood the nature of the issue submitted for resolution. We disagree. " '[T]he arbitrator's interpretation of the scope of the issue must be upheld so long as it is rationally derived from the parties' submission' . . . ." *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 99, quoting *American Postal Workers Union, AFL-CIO, Milwaukee Local* v. *Runyon*, 185 F.3d 832, 835 (7th Cir. 1999). "[A]n award must be final as to the matters submitted so that the rights and obligations of the parties may be definitely fixed." *Local 63, Textile Workers Union* v. *Cheney Bros.*, 141 Conn. 606, 617, 109 A.2d 240 (1954), cert. denied, 348 U.S. 959, 75 S. Ct. 449, 99 L. Ed. 748 (1955). As noted, the issue submitted was whether the defendant had violated the agreement "as alleged in the Elander/Haug grievance" and, "[i]f so, what shall the remedy be?" The board's decision reflects that it interpreted this submission to relate to two specific firefighters, Elander and Haug, and whether they were entitled to any remedy as a result of a violation of article twenty-six by the defendant.

The board's interpretation of the issue submitted by the parties was entirely reasonable, and its analysis of the issue properly was tailored to reach a final award that resolved the issue for the interested firefighters

whom the parties had identified by name. Once it determined that the plaintiff had failed to demonstrate that either Elander or Haug had been harmed by any violation of article twenty-six, it reasonably deemed it unnecessary to determine whether any violation of that provision had occurred as to any other firefighter. Although the board might have resolved the issue presented by first determining whether the defendant had violated that provision as alleged, there simply is no basis in law or logic to conclude that it was obligated by the submission to do so.

The judgment is reversed and the case is remanded with direction to render judgment denying the plaintiff's application to vacate the arbitration award.